IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRIS CALIP, | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. 3:08-CV-2104-O |
| | § | ECF |
| CONCENTRA HEALTH SERVICE, INC., | § | |
| *et al.*, | § | |
| | § | |
|     Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are:

    1.    Defendants' Concentra Medical Centers'[1] Motion for Dismissal Under Rule 12(b)(6) (Doc. # 7) filed April 6, 2009, and related brief in support (Doc. # 7-2), appendix (Doc. # 7-3), and amended brief in support[2] (Doc. # 15);

---

[1] Defendants Concentra Health Service, Inc.; Occupational Health Centers of the Southwest, P.A.; and Therapy Centers of the Southwest I, P.A. are all doing business as Concentra Medical Centers. (Doc. #7 at 1.)

[2] Defendants filed their amended brief (Doc. #15) on June 11, 2009. Plaintiff responded that the Court should not consider Defendants' amended brief. Doc. #16 at 2. The only difference between the original brief and the amended brief is that the original brief omits citation to controlling Supreme Court authority, which the amended brief includes. Even without guidance from Defendants' amended brief, this Court would apply current applicable law in deciding this motion, including this controlling Supreme Court authority. Accordingly, the Court's decision on the motion is the same whether or not Defendants' amended brief is properly before the Court.

1

       2.       Plaintiff Chris Calip's Brief in Opposition to Concentra's Motion to Dismiss (Doc. # 21) filed April 27, 2009, and Brief in Response to Concentra's "Amended Brief" (Doc. # 16); and

       3.       Defendants' Reply Brief in Support (Doc. #12) filed May 13, 2009.

Having reviewed these filings, Plaintiff's Original Complaint (Doc. # 1), and the applicable law, the Court finds that Defendants' Motion should be and is hereby **DENIED**.

## I.    Factual and Procedural Background

Plaintiff, Chris Calip, brings this suit alleging race discrimination and conspiracy to commit race discrimination regarding his right to make and enforce contracts. *See* Doc. #1 (Pl. Compl.). In his complaint, Plaintiff alleges the following facts.

Plaintiff is African American. *Id.* at 4.[3] He is an employee of Yellow Transportation, Inc. and a member of Defendant Local 745 of the International Brotherhood of Teamsters ("Local 745"). *Id.* at 4–5. Yellow Transportation and Local 745 are parties to a collective bargaining agreement titled "National Master Freight Agreement." The facts giving rise to this suit occurred when Plaintiff was sent to Defendants Concentra Medical Centers' facility by his employer to take a random drug test. *Id.* at 6.

After reporting to the testing facility, Plaintiff was unable to produce the required amount of urine necessary for the test. *Id.* Plaintiff alleges that an employee of Concentra told him to wait a couple of hours and drink some water. *Id.* Plaintiff waited and then went to his car to get

---

[3]The Court uses the page numbers located at the bottom of Plaintiff's Complaint. Rather than beginning with the number one, the numbering begins with the number four.

water. *Id.* After visiting his car, Plaintiff asked an employee of Concentra whether they had called him for his retake while he was outside. *Id.* Plaintiff claims that she said, "Didn't you know you weren't supposed to go outside?" *Id.* Plaintiff answered that he had not been so instructed, and the employee said that was alright and he would probably be called for his retake shortly. *Id.* However, it appears Plaintiff was never called for a retake. Instead, he was instructed by an employee of Concentra that he should call his supervisor at Yellow Transportation. *Id.* Plaintiff called his supervisor, who fired Plaintiff for leaving the test site.[4] *Id.* Plaintiff has since been reinstated, but in the process, he has depleted his one-time lifetime reinstatement under the applicable freight agreement. *Id.* at 6–7. Defendant Local 745 pursued an unsuccessful grievance on Plaintiff's behalf regarding Plaintiff's firing and reinstatement. *Id.* at 7. Plaintiff alleges that an affidavit containing false information was provided by a Concentra employee for use against Plaintiff at the grievance. *Id.* at 7.

Based on these facts, Plaintiff alleges that Concentra, through the actions of its' staff, has violated 42 U.S.C. § 1981, 42 U.S.C. § 1895, and the common law against civil conspiracy by aiding and abetting Yellow Transportation's denial of Plaintiff's right to make and enforce the collective bargaining agreement.[5]

Defendants filed the instant motion to dismiss under 12(b)(6), contending that Plaintiff has failed to state a claim upon which relief can be granted. Doc. #7-2 at 6. Defendants argue that Plaintiff has made no allegation that Defendants' alleged discrimination prevented him from

---

[4]Plaintiff alleges that Concentra staff called his employer and falsely claimed that Plaintiff had left the test site. *Id.* at 8.

[5]Plaintiff also asserts similar claims against a different defendant, Local 745, which are not involved in the instant motion.

3

making or enforcing a contract under §1981 and additionally that Plaintiff did not suffer an actionable adverse employment action as a matter of law in order to give rise to a claim. *See* Doc #7 at 2. Defendants also argue that Plaintiff's §1985 claim fails to plead any allegations upon which a claim can be based. *Id.* Finally, Defendants argue that Plaintiff's §1985 claim and common-law claim are each barred by the statute of limitations. *Id.* Central to Defendants' argument is whether Federal or State statutes of limitation govern the respective claims.

The motion is now ripe for consideration.

## II.     Legal Standard

To defeat a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly,* 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 129 S.Ct. at 1949-50. When there are well-pleaded factual

4

allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

In ruling on a motion to dismiss under 12(b)(6), the Court cannot look beyond the pleadings. *Spivey v. Robertson,* 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

### III.   Analysis

The Court will first address Defendants' argument that Plaintiff's § 1985 and common-law claims are barred by a state two-year statute of limitation. Plaintiff responded that a federal four-year statute of limitations applies to his claims instead. Defendants did not file a reply to Plaintiff's response. The Court requires more briefing before deciding this issue which will be addressed at the summary judgment stage. Accordingly, under Rule 12(i), the Court defers ruling on the statute of limitations applicable to Plaintiff's §1985 and common-law claims at this time.

As to the remainder of the motion to dismiss, having reviewed the appropriate filings and the applicable law, the Court finds that the motion to dismiss should be and is hereby denied.

### IV.   Conclusion

The Court hereby **DEFERS RULING** on the issue of the statute of limitations applicable to Plaintiff's § 1985 and common-law claims, and otherwise **DENIES** Concentra Medical Centers' Motion to Dismiss (Doc. # 7).

**SO ORDERED** on this **22nd** day of **February, 2010.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE